```
             IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                       PLAINTIFF/RESPONDENT

    V.                Criminal No. 09-50006-001

RAMON MANUEL RODRIGUEZ-MARTINEZ          DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a 28 U.S.C. § 2255 motion filed by the Defendant/Movant Ramon Manuel Rodriguez-Martinez. (Doc. 25.)  The Government filed a Response (Doc. 27) and the matter is now ripe for consideration.  The undersigned, being well and sufficiently advised, finds and recommends as follows:

    1.  On March 6, 2009, pursuant to a written plea agreement, the Defendant pled guilty to illegally reentering the United States after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2).  (Doc. 14.)

    2.  On June 16, 2009, a judgment was entered sentencing the Defendant to 33 months imprisonment, three years supervised release, a $5,000.00 fine, and a $100.00 special assessment. (Doc. 18.)

    3.  Over seventeen months later, on November 29, 2010, the Defendant filed a pro se notice of appeal from the judgment. (Doc. 20.)

    4.  On February 22, 2011, the Eighth Circuit Court of Appeals dismissed the Defendant's notice of appeal as untimely. (Doc. 24 Attach. 1.)

    5.    On March 16, 2011, the Defendant filed the § 2255 motion now before the Court, asserting:

Ground One:    Trial counsel was ineffective in failing to file a notice of appeal as requested by the Defendant.

Ground Two:    Trial counsel was ineffective in that he:

> a) ... failed to investigate the witnesses that would have either exonerated the [Defendant], or which would have revealed a factual basis of minimal participation in this offense; b) [failed to] prepare and submit a meaningful motion to suppress evidence by limiting his memorandum urging suppression; c) [failed to] keep [the Defendant] appraised of his substantive rights and his potential defenses; d) [failed to] object to misleading testimony; e) cumulative errors and omis[s]ions deprived [the Defendant] of due process and a direct appeal; and f) the failure to effectively represent[] at the sentencing stage, make rule 32 objections to the presentence report and submit proper authorities as to U.S. Sentencing Commission Com[m]entary Notes that would have justified a [d]ownward departure.

Ground Three:    The district court erred in imposing a 16-level enhancement based on the Defendant's prior conviction for "simple possession of illegal drugs," as this conviction "was not prosecuted as a recidivist offense," and thus, did not qualify as an aggravated felony.

Ground Four:    The district court erred "in relying upon the unsupported allegations in the presentence worksheet in determining that [the Defendant's]

|  |  |
|---|---|
|  | prior offense was an aggravated felony of violence," as the "probation officer did not identify which [conviction] he relied upon[;] [n]or did the probation officer identify the statute of conviction, or provide any documents supporting either conviction." |
| Ground Five: | The district court committed "significant procedural error" in failing to give reasons for rejecting the Defendant's arguments for a sentence at the bottom of the Guideline range and not explaining "why it chose the 33-months middle-range sentence." |
| Ground Six: | The Defendant's sentence was "not reasonable, as measured by the factors set out in § 3353(a)." |
| Ground Seven: | The defendant's sentence was "outside the range of reasonableness, as "[c]ustodial sentences are more severe than probatory [sic] sentences of equivalent terms." |
| Ground Eight: | The district court should have granted the Defendant a downward departure based on his status as a deportable alien, which rendered him ineligible for "minimum security confinement, drugs program, and pre-release custody." |

6. The Government has filed a response arguing, inter alia, that the Defendant's § 2255 motion should be dismissed as

untimely.  For the reasons discussed below, the undersigned agrees.

7. A one-year period of limitation applies to § 2255 motions.  See 28 U.S.C. § 2255(f).  As relevant to the instant case, that period began to run from the later of either "the date on which the judgment of conviction [became] final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(1), (4).

8. The Defendant's conviction became final on June 30, 2009, the date on which the 10-day period for filing a direct appeal expired.  See United States v. Plascencia, 537 F.3d 385, 388-90 (5th Cir. 2008); Fed. R. App. P. 4(b)(1)(A)[1].  Thus, under § 2255(f)(1), the Defendant had one year from this date – until June 30, 2010 – to file his § 2255 motion.  The Defendant did not meet this deadline, as his motion was not filed until March 16, 2011.

9. In his § 2255 motion, the Defendant asserts that he "always believed that his attorney had filed his notice of appeal."  (Doc. 25 at pg. 15 ¶ 13.)  To determine whether this fact entitles the Defendant to invoke the statute of limitations contained in § 2255(f)(4), the Court must determine when a duly diligent person in the Defendant's circumstances would have

---

[1] Rule 4 has since been amended to extend the time period for filing an appeal from ten days to fourteen days.

Page 4 of 6

discovered that no appeal had been filed. Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008). The Defendant did not file his pro se notice of appeal until seventeen months after the judgment was entered against him. The Court believes that a duly diligent person in the Defendant's circumstances would have discovered counsel's failure to file a notice of appeal well before seventeen months had elapsed. Cf. id. at 818-19 (petitioner failed to demonstrate due diligence under § 2255(f)(4) where he did not use reasonable efforts to discover that no appeal had been filed, but rather, waited an entire year to contact his attorney regarding appeal; further, fact that appeal had not been filed was a matter of public record).

10. Based on the foregoing, the Court concludes that the Defendant's motion is barred by the limitations period set out in both § 2255(f)(1) and (4).

11. The Court notes that it appears the Defendant was released from the Bureau of Prisons on March 4, 2011, and deported from the United States on April 28, 2011. (Doc. 28.) Thus, even if the Defendant's motion were not time-barred, the majority of the grounds raised in his motion are now moot, as they relate to his term of incarceration and he has already been released.

12. Based on the foregoing, the undersigned recommends that the Defendant's 28 U.S.C. § 2255 motion (Doc. 25) be DENIED in its entirety and DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26TH day of August, 2011.

                           /s/ *Erin L. Setser*
                           HON. ERIN L. SETSER
                           UNITED STATES MAGISTRATE JUDGE